## Case No. 827.

BALTIMORE v. PITTSBURGH & C. R. CO.

[1 Abb. (U. S.) 9;[1] 13 Pittsb. Leg. J. 576; 4 Amer. Law. Reg. (N. S.) 750; 6 Phila. 190; 3 Pittsb. Rep. 20; 23 Leg. Int. 308.]

Circuit Court, W. D. Pennsylvania. July Term, 1865.

CONSTITUTIONAL LAW — REVOCATION OF CHARTER —PRELIMINARY INQUIRY.

1. Where a charter of a corporation reserves to the legislature an unconditional power to alter or repeal the act, the corporation cannot complain that a subsequent repealing act is passed without adequate reasons. The legislature may repeal the charter arbitrarily.

2. But where a charter provides that "if the corporation shall at any time misuse or abuse" its franchises, the legislature may revoke the grant, the power of revocation is thereby made conditional upon the fact of some misuse or abuse; and this fact must be proved upon some inquiry giving the corporation an opportunity to be heard in defense, before the charter can be revoked.

3. It seems, that a proper mode for the legislature to institute the necessary preliminary inquiry into the fact of misuse, would be to pass a resolution directing that the attorney-general institute the proper proceeding in the courts, to ascertain the fact; and that if, in such proceeding, the charge be found true, the charter be revoked.

[In equity. Bill by the mayor, etc., of the city of Baltimore, to restrain the Pittsburgh & Connellsville Railroad Company from accepting an act passed by the Pennsylvania legislature in curtailment of respondent's privileges under its charter. Heard on demurrer to the bill. Demurrer overruled.]

This case presented only the question of the constitutionality of an act of the legislature of Pennsylvania, purporting to revoke the defendants' franchises. The original charter of the corporation conferred certain valuable railway franchises upon the company, and contained a reservation of the power to repeal, in the following terms: "If the said company shall at any time misuse or abuse any of the privileges herein granted, the legislature may resume all and singular the rights and privileges hereby granted to such corporation." The city of Baltimore advanced money to the corporation, which was expended in constructing the road contemplated by the charter. Subsequently the legislature, by an act passed in 1864, [August 19, (P. L. p. 1039,)] revoked and resumed the privileges granted by the original charter, so far as to restrict the company from building a part of the road which, under the original grant, they might have constructed. The city authorities, apprehending that this enactment, if accepted by the corporation, would diminish the security for the repayment of the advances which the city had made, filed their bill to restrain the corporation from accepting the act. And the corporation demurred to the bill.

¹ [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

[Before GRIER, Circuit Justice, and McCANDLESS, District Judge.]

GRIER, Circuit Justice. Is this repealing act repugnant to the constitution of the United States, on the ground that it impairs the obligation of the contract between the state and the company?

The objections made on the argument to the form of the pleadings and the right of the complainants to have the remedy sought in the bill, will be found to have been overruled in a similar case by the supreme court. We refer to the case of Dodge v. Woolsey, 18 How. [59 U. S.] 331. In that case, the complainant was a stockholder in the corporation whose interests were likely to be injuriously affected by the state legislation, if it should be carried into effect. In this case, the complainant is a creditor, who, on the faith of legislative acts granting certain franchises and privileges to the Pittsburgh and Connellsville Railroad Company, has advanced large sums of money which have been expended in constructing its road. If the corporation submits to this act of the legislature, divesting them of a most valuable part of their franchises, the security and rights of the complainant will be materially injured.

The bill is in the nature of a quia timet, and the complainant has a right to the remedy sought, if the court shall be of the opinion that the act of 1864 impairs the obligation of the original contract, or act of incorporation granted to the Pittsburgh and Connellsville Railroad Company. The only question, then, is as to the validity of this act.

That the act repealing the franchises of the corporation, or a material part thereof, and transferring its franchises and property to another corporation without its consent, impairs the obligation of the original contract, is not, and cannot be denied. Nor is it denied that an act granting corporate privileges to a body of men, who have proceeded on the faith of it to subscribe stock and borrow and expend money in constructing a valuable public improvement, is a contract; and that it is not within the power of either party to the contract to repudiate or annul it without the consent of the other.

The state claims no sovereign power to repudiate its contracts or defraud its citizens, and the constitution delegates no such power to the legislature. If, in the act of incorporation, the legislature retains the absolute and unconditional power of the revocation for any or no reasons; if it is so written in the bond, the party accepting a franchise on such conditions cannot complain if it be arbitrarily revoked. Or if this contract is that the legislature may repeal the act whenever, in its opinion, the corporation has misused or abused its privileges, then the contract constitutes the legislature the arbiter and judge of the existence of that fact. But the case before us comes within neither category. The act does not give an unconditional right

to the legislature to repudiate its contract, nor is the legislature constituted the tribunal to adjudge the question of fact as to the misuse or abuse.

Moreover, the case before us admits that the condition of facts upon which the legislature is authorized to repeal the act does not exist. It admits that the corporation has neither "misused nor abused its privileges."

A charter may be vacated by the decree of a judicial tribunal in a proper proceeding taken for that purpose, without any such reservation in the act of incorporation. Then both parties are heard, and a verdict of a jury on the facts can be obtained; which concludes the question. But the legislature possesses no judicial authority under the constitution, and has no established course of proceedings in the exercise of such power. The party who is injured by its action is not heard. The reasons usually alleged in the preamble to such acts are the mere suggestions of some interested party, seeking to speculate at the expense of others. Professional solicitors, who infest the lobby, are ever ready, for a sufficient consideration, to impose on the good nature of honest but often careless legislators, by the suggestion of any necessary falsehood. If any one feels curious as to the methods used by agents of corporations to obtain such legislative acts as may be desirable, he will find them fully exposed in the opinion of the supreme court delivered in the case of Marshall v. Baltimore & O. R. Co., 16 How. [57 U. S.] 314, 333.

We do not intend even to insinuate that any such secret service by "skillful and unscrupulous" agents, stimulated "to active partisanship by the strong lure of high profits" to use most "efficient means" to get the vote of the "careless" mass of legislators, has been used in this case. But we do say that the recitals in the preamble to this act exhibit a labored attempt to justify a more than doubtful exercise of power by an array of reasons which, even if true in fact, might be demurred to in law as insufficient.

The act does not contemplate the exercise of the right of domain by which the property of individuals or corporations may be taken for some public use, on making ample compensation. Its object is to transfer the franchises and property of one corporation, anxious by every means in its power to complete a valuable public improvement, to another, whose interest is not to complete the road, and which is not required to do so at any time in this or the next century.

Where, in a case like the present, the legislature is asked to take the property of one corporation and give it up to another, on the ground that one has abused or misused its privileges, the just and proper mode would be to pass a resolution ordering the attorney-general to institute the proper legal proceedings to ascertain the fact of "misuse or abuse." If such issue be found true, then that the charter be revoked or resumed. We do not say that, without such judicial proceeding ascertaining the existence of the condition in which the right of appeal is reserved, the act is absolutely void. But we do say that in all such cases the party injured, if he denies the existence of such "misuse or abuse," has a right to be heard, and to have that question tried before he shall surrender his property or his franchise.

We do not think it necessary to notice the numerous and conflicting cases which have been brought to our notice by the learned counsel. In the case of Erie & N. E. R. v. Casey, 26 Pa. St. 287, 1 Grant, Cas. 274, the court found, after a full hearing of the parties, that the fact of "misuse or abuse" did exist, and therefore the act was not void. It cannot, therefore, be any precedent for a case which admits that such facts do not exist. The principles of law, so far as they affect this case, are very clearly and tersely stated by Chief Justice Lewis, in his opinion to be found in 1 Grant, Cas. 274, with a review of the cases and a proper appreciation of that from Iowa.

The sum of the whole matter is this:

1. The complainant has shown a proper case for the interference of the court in his favor.

2. The act complained of is unconstitutional and void under the admissions of the case.

3. The complainant is entitled to the decree of the court on the pleadings, as they stand.

4. The defendants may have leave to withdraw their demurrer and answer over; and if they shall so request, an issue will be ordered to try whether the Pittsburgh and Connellsville Railroad Company have misused or abused their charter.

McCANDLESS, District Judge, concurred.

BALTIMORE, (WHEELING v.) See Case No. 17,502.

BALTIMORE & O. R. CO., (CULLY v.) See Case No. 3,466.

BALTIMORE & O. R. CO., (EGBERT v.) See Case No. 4,305.

BALTIMORE & O. R. CO., (KIRKPATRICK v.) See Case No. 7,847.

BALTIMORE & O. R. CO., (KNIGHT v.) See Case No. 7,882.

BALTIMORE & O. R. CO., (MARSHALL v.) See Case No. 9,124.

BALTIMORE & O. R. CO., (MILLER v.) See Cases Nos. 9,560 and 9,561.

BALTIMORE & O. R. CO. v. SUPERVISORS. See Case No. 829.

BALTIMORE & O. R. CO., (UNITED STATES v.) See Cases Nos. 14,509–14,511.

BALTIMORE & O. R. CO. v. VAN NESS. See Case No. 830.

BALTIMORE & P. R. CO., (STATE OF MARYLAND v.) See Case No. 9,219.

BALTIMORE CITY PASS. R. CO., (FIELD v.) See Case No. 4,763.